**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-01064-REB-CBS

WCM INDUSTRIES, INC.,

    Plaintiff,

v.

PRIER PRODUCTS, INC.,

    Defendants.

**ORDER CONCERNING MOTION TO ENFORCE SETTLEMENT AGREEMENT**

**Blackburn, J.**

This matter is before me on the **Motion of Prier Products To: 1. Open Closed Case 2. Enforce Settlement Agreement 3. Award Sanctions** [#103], filed May 18, 2006. The plaintiff has filed a response, and the defendant has filed a reply. The motion is granted in part, and denied in part.

### I. BACKGROUND

On January 11, 2005, I entered summary judgment resolving the key claims in this case. Subsequently, the parties entered into a settlement agreement that provided for certain payments between the parties depending on the outcome of an appeal of my summary judgment order. *Prier's motion to enforce* [#103], filed May 18, 2006, Exhibit A. One provision of the settlement agreement provided that plaintiff WCM would pay "all of Prier's costs on appeal and all of Prier's reasonable fees in defending the appeal" if WCM appealed certain issues and my summary judgment order was affirmed by the

Court of Appeals. *Id*. Prier appealed those issues, and my summary judgment order was affirmed by the Court of Appeals.

After the appeal was resolved, Prier demanded payment from WCM of 38,091.25 dollars for attorney fees and costs related to the appeal. WCM responded, arguing that some of the fees and expenses claimed by Prier were unreasonable or not adequately documented. WCM outlines those arguments in its response to Prier's motion. Having reviewed the parties' submissions, I conclude that some of the fees and costs sought by Prier are not reasonable. Excluding those items, I direct that WCM pay to Prier the amount of reasonable attorney fees and costs specified in this order.

## II. STANDARD OF REVIEW

The starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. **Hensley v. Eckerhart**, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); **Malloy v. Monahan**, 73 F.3d 1012, 1017-18 (10th Cir. 1996). In determining the reasonable number of hours spent on the litigation, the applicant must exercise the same "billing judgment" as would be proper in setting fees for a paying client. **Hensley**, 103 S.Ct. at 1941; **Malloy**, 73 F.3d at 1018. "'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'" **Hensley**, 103 S.Ct. at 1940 (quoting **Copeland v. Marshall**, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)) (emphases in **Copeland**). Counsel, therefore, must make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." *Id*. at 1939-40. There is no dispute here that Prier's counsel's hourly rate of 225 dollars per hour is reasonable, although WCM argues that this rate is not reasonable when billed as travel time. Generally, a party

seeking an award of attorney fees and costs must demonstrate that the fees and costs they seek are reasonable.

### III. ANALYSIS

WCM argues that Prier's counsel's charge for 28 hours of research for all cases from Court of Appeals involving summary judgment of infringement and non-infringement is excessive and unreasonable. I agree. I conclude that billing for 10 hours on this task is reasonable. WCM argues that Prier's counsel's charge for 84 hours to draft a 23 page brief for the Court of Appeals is unreasonable. I agree. I conclude that billing for 50 hours on this task is reasonable.

WCM argues that Prier's counsel's charge for 4.5 hours of work done after the Court of Appeals issued its opinion is not within the scope of the settlement agreement. The agreement covers reasonable fees incurred in defending the appeal, and this work does not constitute defense of the appeal. WCM need not pay Prier for the 4.5 hours of work performed on April 10, 2006. WCM objects to Prier's counsel's billing for travel time at 225 dollars per hour. Prier's counsel's billing statement does not separate the time spent on legal work and the time spent traveling on April 4 and 5, 2006. *Prier's motion to enforce* [#103], filed May 18, 2006, Exhibit C, p. 2. Generally, I conclude that time spent traveling, while not also engaged in legal work, should be billed at a reduced hourly rate. As a rough measure of reasonableness on this issue, I will reduce the fees billed by Prier's counsel for April 5 and 6, 2006, by a total of 400 dollars.

Finally, WCM argues that it should not be required to pay the travel costs for the president of Prier to attend the Court of Appeals argument. For the purpose of appellate argument, attendance by Prier's president was not a necessity. I conclude that these travel costs are not covered by the parties' settlement agreement. I will

3

exclude the 1,500.55 dollars sought by Prier to cover its president's travel costs from the amount awarded in this order.

Having reviewed the parties submissions, I conclude that the balance of WCM's objections to the attorney fees and costs sought by Prier is unavailing.  Except for the items outlined above, I direct WCM to pay to Prier the attorney fees and costs sought by Prier under the parties' settlement agreement.  Initially, Prier sought payment of 38,091.25 dollars from WCM for attorney fees and costs covered by the settlement agreement.  As outlined above, I conclude that 56.5 hours billed by Prier's counsel do not fall within the term "reasonable," as used in the settlement agreement.  At 225 dollars per hour, this requires I reduce Prier's requested award by 12,712.50 dollars.  I have concluded also that billing for Prier's counsel's travel time should be reduced by 400 dollars, and that 1,500.55 dollars for travel by Prier's president is not included in the settlement agreement.  This requires a further reduction totaling 1,900.55 dollars.  In total, Prier's requested award will be reduced by 14,613.05 dollars.  The reasonable attorney fees and costs due to Prier from WCM under the settlement agreement total 23,478.20 dollars.  Having considered the record and circumstances of this case and Prier's motion, I conclude that Prier's request for sanctions should be denied.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion of Prier Products To: 1. Open Closed Case 2. Enforce Settlement Agreement 3. Award Sanctions** [#103], filed May 18, 2006, is **GRANTED** in part, as outlined below:

2. That this case is **RE-OPENED** for the limited and specific purpose of resolving Prier Product's motion;

4

5

3.  That on or before **March 20, 2007**, plaintiff WCM Industries, Inc., is **ORDERED** to pay to defendant, Prier Products, Inc., 23,478.20 dollars for attorney fees and costs due under the terms of the settlement agreement between the parties;

4.  That the **Motion of Prier Products To: 1. Open Closed Case 2. Enforce Settlement Agreement 3. Award Sanctions** [#103], filed May 18, 2006, otherwise is **DENIED**; and

5.  That this case again is **CLOSED**.

Dated March 5, 2007, at Denver, Colorado.

                          **BY THE COURT:**

                          s/ Robert E. Blackburn
                          Robert E. Blackburn
                          United States District Judge